**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 16 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NEWTON C. ESTES,

     Plaintiff - Appellant,

vs.

UTAH SUPREME COURT;
SUPREME COURT ADVISORY
COMMITTEE, on the rules of civil
procedure; ATTORNEY GENERAL
FOR THE STATE OF UTAH,

     Defendants - Appellees.

No. 00-4088
(D.C. No. 00-CV-163-G)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **BARRETT**, and **KELLY**, Circuit Judges.[**]

---

Petitioner Newton C. Estes appeals from the denial of his Petition for Writ

of Mandamus Ordering State of Utah to Re-instate the Privilege of the Writ of

Habeas Corpus. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Mr. Estes filed a petition for a writ of mandamus in United States District Court for the District of Utah, naming the Utah Supreme Court, the Supreme Court Advisory Committee, and the Utah Attorney General as defendants. Although the case was initially referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), the district court later denied the petition without waiting for the magistrate judge's recommendation. Petitioner raises three arguments on appeal. First, he contends that the district court erred in applying 28 U.S.C. § 1361 instead of 28 U.S.C. § 1331. Second, he appears to argue that once his case had been referred to a magistrate judge, the district judge no longer had the authority to decide the case without the magistrate's recommendation. Third, Mr. Estes asks the court to issue a writ of mandamus compelling the respondents to, inter alia, amend Rules 65B and 65C of the Utah Rules of Civil Procedure "to conform with prior-to-1991 65B(f), (f)(3) and (i)(7&8)," Aplt. Br. at 4, so that the rules "call for the prisoner to be in attendance at all hearings" and require "the judge to give written reasons for a refusal made in a hearing the prisoner may not have been allowed to attend." Id. at 2.

As a preliminary matter, we note that although Mr. Estes did file two post-conviction challenges in 1990, both were filed and dismissed prior to the 1991 amendments of which he complains. In addition, Mr. Estes is no longer in prison. Thus, we have serious doubts as to whether he can satisfy any of the three

components of Article III standing.  In re Grand Jury Subpoenas, 144 F.3d 653, 658 (10th Cir. 1998) ("To satisfy the standing requirement, a party must establish three elements:  (1) injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) likelihood that the injury will be redressed by a favorable decision.") (quotations and citation omitted).  Yet even if Mr. Estes does have standing to bring this action, his arguments would nonetheless fail on the merits.

Although the district court's order did cite 28 U.S.C. § 1361, the court did not rely on that statute in place of 28 U.S.C. § 1331.  While § 1331 is not cited, the court appears to have exercised jurisdiction on that basis.  We therefore reject Mr. Estes' first argument as meritless.  Petitioner's second argument also fails.  In cases such as Mr. Estes', a district court may designate a magistrate judge to make proposed findings and recommendations.  28 U.S.C. § 636(b)(1)(B).  Implicit in a district court's power to refer a matter to a magistrate judge under § 636(b) is the power to withdraw the reference.  Cf. 28 U.S.C. § 636(c)(4) (permitting withdrawal in consent cases).  That is essentially what happened here.

We also reject Mr. Estes' contention that the district court erred in denying his petition for a writ of mandamus.  A writ of mandamus is an extraordinary remedy and may only be granted upon a "clear and indisputable" showing that: (1) petitioner has a "clear right to the relief sought," (2) that the respondent has "a

plainly defined and peremptory duty . . . to do the action in question," and (3) that "no other adequate remedy [is] available." Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (citations omitted). We review a denial of mandamus relief for an abuse of discretion, "however, we consider de novo whether the legal prerequisites for such relief are present." Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995) (citations omitted).

Petitioner has failed to make a "clear and indisputable" showing that he has a clear right to mandate the amendment of Utah's rules governing post-conviction proceedings. Johnson, 917 F.2d at 1285. In addition, it is clear that none of the respondents has any "nondiscretionary, ministerial duty" to amend the rules, Marathon Oil Co. v. Lujan, 937 F.2d 498, 500 (10th Cir. 1991), much less to amend them in the specific manner suggested by Mr. Estes. Most importantly, mandamus relief is not justified in this case because an adequate alternative remedy exists. If Rules 65B and 65C are constitutionally problematic, the proper vehicle to challenge them would be on direct appeal from a denial of post-conviction relief thereunder. Mr. Estes cannot compensate for his failure (or, given the dates, his inability) to do so by seeking mandamus relief now. See Heckler v. Ringer, 466 U.S. 602, 616 (1984) (Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief . . . .") (citations omitted).

Mr. Estes also requests that the court order Respondents to: (1) "[f]orward to federal court new applications claiming unconstitutional convictions or illegal restraint;" (2) "[i]dentify every prisoner who was dismissed at a hearing he did not attend–or without written reasons;" (3) identify "every prisoner who was dismissed using Rule 4-501;" and (4) "[s]end every plea bargain prisoner a questionnaire whether the judge cited damaging lies at sentencing after defendant had insufficient time to read his PSI [pre-sentence investigation] report and make a list of objections to it." Aplt. Br. at 4. For the reasons stated above, Mr. Estes is not entitled to such extraordinary relief. In fact, given that Mr. Estes did not raise Rule 4-501 dismissals or PSI reports in the district court, we need not even consider these issues. See Wilson v. Union Pac. R.R. Co., 56 F.3d 1226, 1233 (10th Cir. 1995).[1]

The district court's order is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] Because Respondents-Appellees elected not to file a response brief, Mr. Estes' right to file a reply was never triggered. Without seeking leave from this court, Petitioner nonetheless filed two "addenda" to his opening brief. Since Petitioner had no right to file additional briefs, we decline to consider the arguments raised therein. See Fed. R. App. P. 28 (setting forth requirements for the appellant's opening brief, the appellee's response, and the appellant's reply, and providing that "[u]nless the court permits, no further briefs may be filed").